[No. 23706. Department One. July 13, 1932.]

M. A. HAYES *et al., Appellants,* v. A. GEORGE SUTCLIFF *et al., Respondents.*[1]

*Davis & Harris* and *L. B. Donley,* for appellants.
*Pearson & Potts,* for respondents.

STEINERT, J.—This action was brought by the plaintiffs against the defendants to recover damages for

[1]Reported in 12 P. (2d) 1105.

injuries sustained by the plaintiff wife as the result of a collision between two automobiles driven by plaintiff M. A. Hayes and defendant A. George Sutcliff, respectively. At the close of plaintiffs' case, the court denied defendants' motion for a nonsuit, but at the conclusion of all the evidence, sustained defendants' challenge to its sufficiency and discharged the jury. Thereafter, the court denied plaintiffs' motion for a new trial and entered its judgment of dismissal, from which plaintiffs have appealed.

The accident occurred about 9:30 in the morning, February 13, 1931, on the Pacific highway near Woodland, Clark county, Washington. Appellants were proceeding northerly in a Chevrolet car; the respondents were proceeding southerly in a LaSalle car. Accompanying the respondents were Mrs. Sutcliff's mother and also her brother, J. H. Wilson, who was a witness in their behalf. Mr. Wilson was a business partner of Mr. Sutcliff.

The highway, at and approaching the place where the accident occurred, consists of a standard width concrete pavement, eighteen or twenty feet wide, according to the testimony. The day was clear, the weather bright and sunshiny, and the pavement dry. The speed of both cars was within that allowed by law, the Chevrolet traveling at about twenty-five miles per hour, the LaSalle at from twenty-five to thirty-five miles per hour. The Chevrolet was well over on its own right-hand side of the road.

As the two cars approached quite close to each other, the LaSalle turned abruptly from its right-hand side, swerved to the left across the center line of the road and collided with the Chevrolet. As a result of the collision, the Chevrolet was forced over to the bank on the right side of the highway and almost completely de-

molished. Mrs. Hayes sustained severe injuries, for which this action was brought.

There is but one question in the case, namely, whether the court erred in sustaining respondents' challenge to the sufficiency of the evidence and withdrawing the case from the jury.

It is a well settled proposition of law in this state that, where there is a substantial conflict in the evidence upon an issue that is material to the controversy, the court may not withdraw the case from the consideration of the jury. *Byrne v. Stanford,* 159 Wash. 271, 292 Pac. 1014.

The respondents' evidence was to the effect that they had left their home in Aberdeen about four or five o'clock in the morning, intending to drive to Portland. At about eight o'clock, they had breakfast at Chehalis. It had been foggy and frosty during the early morning hours, but after leaving Chehalis they found the weather clear and sunshiny and the pavement dry the rest of the day. After they left Woodland, they crossed a bridge and entered upon a reverse curve in the road. While on the curve, Mr. Sutcliff saw the Hayes car approaching slowly about two hundred feet away.

When the distance between the two cars had narrowed to about one hundred feet, a third car, approaching from the south, came abreast of the Hayes car in an attempt to pass it. As a precaution, Mr. Sutcliff pressed lightly upon his brake-pedal. His car in response to the pressure upon the brake suddenly skidded to the left, crossing the center line of the highway. Mr. Sutcliff immediately released his brake and the car righted itself, but too late to avoid a collision with the Hayes car on its right-hand side of the road.

After the accident, and after the appellants had left the scene, Mr. Sutcliff, while engaged in brushing up

some broken glass, noticed that there was frost on the pavement at the point where he had skidded. Mr. Sutcliff testified that he did not see the third car after the collision, but that a man came up to him afterwards and said, "I am sorry that I attempted to pass." The witness Wilson corroborated Sutcliff in regard to the third automobile attempting to pass the Hayes car, and also in regard to frost on the pavement, which he, too, said that he had noticed after the collision. Wilson, however, testified that the offending automobile did not stop after the accident, but proceeded on toward Woodland, and that its driver had said nothing to him.

Mr. Sutcliff, upon cross-examination, admitted that, after leaving the scene of the accident, he made a report to the sheriff at Vancouver in which he had said that his car had skidded on the curve, due to a rear flat tire. He also admitted that it was only after talking to the garage men in Portland concerning the flat tire on his car that he had concluded that the skidding had been due to frost on the pavement.

The appellants' evidence, on the other hand, was at variance with that of respondents in several particulars. Mr. Hayes testified that respondents' car did *not* skid, but that its wheels turned. His testimony in that respect, though brief, was positive. He also testified that the pavement was dry, and that he saw no frost either at the place where the collision occurred or at any place along the road after he had left Portland. He further testified that he saw no car attempting to pass him, but that, after the accident, he did see a third car parked on the road about fifty feet to his rear, and that its driver had helped him to remove Mrs. Hayes from his car.

It seems to us that there was a substantial conflict in the evidence upon those matters of detail which

entered into and made up the question of respondents' negligence, thereby making it a case for the jury. There was a dispute as to whether respondents' car did, in fact, skid. In the light of all of the evidence, there was, indeed, a question as to whether any frost was upon the road at or near the place where the accident occurred. There was also sufficient evidence, we think, to warrant the jury in disbelieving that respondents were faced with any sudden emergency by reason of the approach of the third car, and in believing that the proximate cause of the accident was the negligence of the respondents. Contributory negligence is, of course, not involved in the case.

The facts upon which respondents rely, as an excuse or justification of their violation of the rules of the road, being controverted, we conclude that the trial court erred in sustaining the challenge to the sufficiency of the evidence and withdrawing the case from the jury.

The judgment is reversed, and a new trial ordered.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.